**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SAYO "VICTORIA" OSINUBI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SANOFI PASTEUR, INC., SANOFI-AVENTIS U.S. LLC, and BIOVERATIV U.S. LLC,<br><br>　　　　Defendants. | Civil Action No. 1:25-cv-12262<br><br>Hon. Julia E. Kobick |

**JOINT STATEMENT AND PROPOSED SCHEDULING ORDER**

Pursuant to Local Rule 16.1 and the Court's Orders dated May 19, 2026 (ECF No. 32) and June 3, 2026 (ECF No. 35), the parties set forth the following Joint Statement and Proposed Scheduling Order, which is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay. Counsel for the parties met and conferred on May 29, 2026, to discuss the topics required by Fed. R. Civ. P. 26(f) and Local Rule 16.1.

**Summary of Plaintiff's Position**

Plaintiff Sayo "Victoria" Osinubi, a Black woman, brings this action against her employer, Sanofi Pasteur, Inc., Sanofi-Aventis U.S. LLC, and Bioverativ U.S. LLC (collectively, "Sanofi"), alleging systematic race discrimination in violation of Title VII and M.G.L. c. 151B. Despite performing the duties of an Associate and Senior Product Manager, responsibilities far exceeding her administrative assistant title, Plaintiff was repeatedly denied the promotions, compensation, and advancement routinely granted to less experienced, non-Black colleagues. In June 2021, Plaintiff accepted a temporary "gig" role supporting the ALTUVIIIO launch based on her supervisor's promise of a promotion. She remained in this role for over two years and five months,

six times Sanofi's standard duration, working over 40 hours per week without a salary increase or title change, while non-Black peers transitioned into permanent, higher-paying positions.

When Plaintiff complained about this treatment in February 2023 and January 2024, Sanofi retaliated rather than investigating in good faith. Following her complaints, Plaintiff received her lowest-ever performance rating, was excluded from team meetings and correspondence, lost access to her supervisor's calendar, was omitted from an award nomination for a product she helped launch, and was denied available marketing work. Both of her supervisors ceased communicating with her entirely. Plaintiff also asserts a claim for promissory estoppel, having reasonably relied on repeated promises of promotion to remain in the gig role and forgo other opportunities. She seeks compensatory and punitive damages, pay adjustment and compensation, equitable relief, and attorney's fees.

### Summary of Defendant's Position

Defendants deny Plaintiff's allegations and deny that Plaintiff is entitled to any relief whatsoever. Plaintiff has worked for Bioverivativ U.S. LLC as a Senior Administrative Assistant since 2019. She remains gainfully employed in that role. In 2021, Plaintiff received an opportunity to work in a temporary "gig" role on a product launch team, which concluded in approximately early-mid 2023. Plaintiff was never promised any promotion, and Bioverivativ has not considered Plaintiff's race, or any alleged protected activity, in any decision affecting her employment.

### Proposed Timetable for Discovery and Motion Practice

After conferring, the parties do not believe discovery needs to be conducted in phases, and propose that fact discovery proceed concurrently as to liability and damages. The parties therefore set forth the following Proposed Scheduling Order:

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by July 24, 2026.

2. **Amendment to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amended the pleadings to assert new claims or defenses may be filed after August 10, 2026.

3. **Fact Discovery – Interim Deadlines.**

   a. All requests for production of documents and interrogatories must be served before the end of fact discovery.

   b. All requests for admission must be timely served before the end of fact discovery.

   c. All depositions, other than expert depositions, must be completed by March 10, 2027.

4. **Obligation to Supplement.** Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

5. **Final Fact Discovery Deadline**. All discovery, other than expert discovery, must be completed by April 9, 2027.

6. **Status Conference**.  A status conference will be held on a date amenable to the Court near the Final Fact Discovery Deadline.  Two days prior to the status conference, the parties shall file a status report indicating the current status of the case, including whether the parties intend to seek expert discovery and/or intend to file any dispositive motions, whether the parties are interested in mediation, as well as any other matter relevant to the progress of the case.

7. **Expert Discovery**.

   a. Plaintiff's trial experts (if any) must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by April 23, 2027.

   b. Plaintiff's trial experts must be deposed by June 23, 2027.

   c. Defendant's trial experts (if any) must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by May 24, 2027.

   d. Defendant's trial experts must be deposed by July 26, 2027.

8.     **Summary Judgment Motions**.

   a.  Motions for summary judgment must be filed by September 23, 2027.

   b.  Oppositions to summary judgment motions must be filed within 21 days after service of the motion.

9.     **Initial and Pretrial Conferences**. The initial pretrial conference will be scheduled at a later point in the proceedings. The parties must prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3). The trial date will normally be set at the initial pretrial conference. A final pretrial conference will be scheduled at the time the trial date is set. The court may also schedule interim pretrial conferences in appropriate cases.

## Referral to Magistrate Judge

The Parties do not consent to reassignment of the case to a magistrate judge.

## Procedural Provisions

1.     **Extension of Deadlines**. All requests to extend or modify deadlines must be made by motion and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; and (5) whether the opposing party consents and, if not, the reasons given for refusing to consent. The motion shall also contain a summary of the discovery, if any, that remains to be taken, and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion. Motions to extend or modify deadlines will be granted only for good cause shown.

Absent an emergency, any request for an extension or adjournment shall be made at least forty-eight hours prior to the deadline or scheduled appearance.

2.     **Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

3.     **Reply Memoranda.** Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed eight pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

4

4.      **Status Conferences.** The Court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

5.      **Additional Conferences.** Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

6.      **Early Resolution of Issues.** The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

7.      **Pretrial Conference.** Lead trial counsel are required to attend any pretrial conference.

### Local Rule 16.1(d)(3) Certification

Pursuant to 16.1 (d)(3) of the Local Rules of the United States District Court for the

District of Massachusetts, the parties and their respective counsel certify that they have

conferred:

(a)      with a view to establishing a budget for the costs of conducting the full course and

various alternative courses of litigation; and

(b)      to consider the resolution of the litigation through the use of alternative dispute

resolution programs such as those outlined in Local Rule 16.4.

Dated: July 1, 2026

Respectfully submitted,

| | |
|---|---|
| */s/ Michael Talty* | */s/ Christopher W. Kelleher* |
| Michael Talty (MA BBO 642500) | Kristin G. McGurn (BBO No. 559687) |
| 100 State Street, 9th Floor | kmcgurn@seyfarth.com |
| Boston, MA 02109 | Christopher W. Kelleher (BBO No. 705508) |
| mike@taltylaw.com | ckelleher@seyfarth.com |
| (978) 937-3320 tel | SEYFARTH SHAW LLP |
| | Seaport East |
| Thomas Flynn (MA BBO 633100) | Two Seaport Lane, Suite 1200 |
| 320 Washington Street | Boston, Massachusetts 02210-2028 |
| Easton, MA 02357 | Telephone:    (617) 946-4800 |
| thomas.v.flynn@gmail.com | Facsimile:    (617) 946-4801 |
| (508) 565-1413 tel | |
| (508) 355-0529 fax | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | |

/s/ *Victoria Osinubi* (as to certification)

Victoria Osinubi

/s/ *Jeffrey Burns* (as to certification)

Jeffrey Burns, on behalf of Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*Christopher W. Kelleher*

6